ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| PRISCILLA MARTÍNEZ VEGA<br>RECURRENTE<br><br>v.<br><br>HOGAR LUZ DE VIDA, INC., NEGOCIADO DE SEGURDIAD DE EMPLEO (NSE)<br>RECURRIDA | TA2025RA00005 | Revisión administrativa procedente del Departamento del Trabajo y Recursos Humanos<br><br>Núm. M-00397-25<br><br>Sobre: Ilegibilidad a los Beneficios del Seguro por Desempleo Sección 4(b)(2) de la Ley de Seguridad de Empleo en Puerto Rico |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece ante nosotros, la señora Priscilla Martínez Vega (señora Martínez Vega o recurrente). Solicita la revisión de la resolución en reconsideración presuntamente denegada por el Departamento del Trabajo y Recursos Humanos, Oficina Regional de Mayagüez (Departamento).

La recurrente presentó ante esta Curia, mediante SUMAC TA, un recurso de *Revisión* administrativa[1] acompañado de una solicitud para litigar como indigente.[2] Examinada la solicitud para litigar *in forma pauperis*, emitimos una *Resolución,*[3] el 26 de junio de 2025, denegando el petitorio de la recurrente debido a que, de una lectura del referido recurso, surge que quien comparece en la solicitud, así como el recurso instado, es el Lic. Anthony Leonel Martínez Torres, abogado privado, presuntamente contratado para representar a la señora Martínez Vega. Además, le concedimos un

---

[1] Entrada núm. 1.
[2] Entrada núm. 2.
[3] Entrada núm. 4.

término para acreditar el pago de los aranceles correspondientes, conforme la Regla 58 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58, so pena de la posible desestimación de su recurso. Ha transcurrido mayor término al concedido sin que la recurrente haya acreditado cumplimiento por lo cual, según advertido, resolvemos sin el beneficio de su comparecencia.

El Artículo 4 de la Ley Núm. 47-2009, según enmendada, 32 LPRA sec. 1476, simplificó el proceso de pago de aranceles mediante el establecimiento de un pago único con la primera comparecencia ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones y el Tribunal Supremo. *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159, 174 (2012). Mediante la *Resolución* ER-2015-1, emitida el 9 de marzo de 2015, el Tribunal Supremo de Puerto Rico dispuso que la presentación de una revisión de decisiones administrativas tiene un costo de $102. Los recursos que no acreditan el pago de los aranceles correspondientes son nulos y los tribunales debemos velar por el cumplimiento riguroso del mandato estatutario. *M-Care Compounding et al. v. Depto. Salud*, supra, pág.176; Art. 8 de la Ley Núm. 47-2009, 32 LPRA sec.1481.

Ahora bien, nuestro ordenamiento jurídico exime del pago de aranceles a las personas que demuestren su incapacidad económica para satisfacerlos. Art. 9 de la Ley Núm. 47-2009, 32 LPRA sec. 1482. Para ello, la persona indigente debe solicitarlo al tribunal y, de ser rechazada su solicitud, se le debe permitir cancelar los aranceles correspondientes. *M-Care Compounding et al. v. Depto. Salud*, supra, pág. 177. Entiéndase que, no procede la desestimación automática ante la denegatoria de una solicitud para litigiar *in forma pauperis*. *Íd.* En esta coyuntura es importante recordar que las normas procesales de un litigio le aplican a todo ciudadano por igual y no es relevante si se defiende por derecho propio o mediante representación legal. *Febles v. Romar*, 159 DPR 714, 722 (2003).

En el presente caso, la recurrente acompañó su recurso de revisión judicial de una solicitud para litigar como indigente, la cual denegamos por los fundamentos antes expuestos. Consecuentemente, le concedimos un término a la recurrente para acreditar el pago de aranceles, en cumplimiento de la normativa antes expuesta. Surge del expediente que, el licenciado Martínez Torres compareció ante esta Curia en representación de la señora Martínez Vega y mediante *Moción acreditando notificaciones*[4] informó sobre las notificaciones al Hogar Luz de Vida, Inc.; al Departamento del Trabajo de Puerto Rico y al Negociado de Seguridad por correo certificado, mas no así, canceló al arancel correspondiente, según ordenado. Transcurrido mayor término al concedido sin que la recurrente diera cumplimiento a nuestro requerimiento, y en atención a la nulidad del recurso presentado sin el pago de los derechos de presentación,[5] según previamente advertido, nos vemos en la obligación de desestimar el recurso por falta de jurisdicción. A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

Por los fundamentos antes expuestos, se desestima el recurso de revisión judicial según presentado por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Entrada núm. 5.
[5] *M-Care Compounding et al. v. Depto. Salud*, supra; Art. 8 de la Ley Núm. 47-2009, *supra.*